UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **5:26-cv-00461-SB-ACCV** | Date: | May 6, 2026 |
|---|---|---|---|
| Title: | *Jitender Singh v. Warden of Adelanto ICE Processing Center* | | |

| Present: The Honorable | Stanley Blumenfeld, Jr., United States District Judge |
|---|---|

| L. Fahey | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings
(IN CHAMBERS):**     **ORDER DISMISSING PETITION AS MOOT**

Petitioner Jitender Singh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 2, 2026.  Dkt. No. 1.  That same day, Petitioner filed a motion for a temporary restraining order (TRO).  *Id.*  Respondent Warden of Adelanto ICE Processing Center filed a response, as ordered, by February 18, 2026.  Dkt. Nos. 6, 8.  On March 10, 2026, the Court granted in part Petitioner's ex parte application for a TRO.  Dkt. No. 10.  The Court denied Petitioner's request for release but ordered an bond hearing before an immigration judge within seven days of the order, in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, including 8 C.F.R. §§ 236.1(d)(1), 1003.19.  *Id.*  Petitioner was ordered to file a request for dismissal of the underlying habeas petition or show cause in writing why dismissal should not be ordered in light of the relief given by April 14, 2026.  *Id.*  The Court noted that Petitioner's failure to timely respond to the order would be construed as consent to dismiss the petition and close the case. *Id.*

To date, Petitioner has not filed a request for dismissal of the underlying habeas petition or shown cause in writing why dismissal should not be ordered in light of the relief given.

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.") (cleaned up).

Given that Petitioner was granted a bond hearing and has failed to respond to the Court's March 10, 2026 Order, the Petition is dismissed as moot.

**IT IS SO ORDERED.**